IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JACOLYN RANCOURT JENKS,         )
                                )
            Plaintiff,          )
                                )
       v.                       )   1:05CV00767
                                )
CITY OF GREENSBORO,             )
                                )
            Defendant.          )

**O R D E R**

Plaintiff filed a motion to compel Defendant to provide further discovery information because of an alleged second investigation into the events of the evening of June 27, 2004. The incidents that occurred that night led to the termination of Plaintiff and the lesser discipline of male firefighters. Plaintiff claims that the harsher treatment she received was the result of gender discrimination.

The Court called the matter for hearing on June 21, 2007. There, it was revealed that on the last day of discovery, female firefighter Bridget Hampton stated for the first time that she, in fact, had been hit by a closed fist during the altercation with Cory Hylton, a male firefighter. While some degree of inadvertant contact was always recognized in this case (See March 29, 2007 Recommendation at 2; Teeters Aff. ¶ 5), Chief John Teeters decided to conduct a further investigation in light of the new evidence to determine whether rookie firefighter Cory Hylton should receive additional discipline (Teeters Aff. ¶ 6). According to Defendant's

attorney, a second investigation was conducted, but the disciplinary action against Hylton was not changed.

Plaintiff claims that the second investigation is relevant and should have been produced. Defendant contends that the information is irrelevant and, while originally objecting to the production of the second investigation, has now produced most of it. The matter is not moot because Plaintiff wants to do more discovery, postpone the summary judgment ruling pursuant to Fed. R. Civ. P. 56(f), submit new information, and possibly require a new recommendation. (Pl.'s Reply at 8.)

In general, the Court agrees with Defendant that the second investigation is entirely irrelevant to the matter before this Court. Plaintiff claims that the second investigation produced new evidence from Bridget Hampton, to wit: (1) Hampton never spoke to Chief Teeters during the course of the initial investigation, (2) Hylton hit Hampton with his closed fist, and (3) Hampton said that some older firefighters still do not accept women.

The issue here is whether the decision to terminate Plaintiff was based on gender. New evidence might be relevant if it were additional comparison evidence or somehow disclosed a defective investigation. With respect to the latter, Plaintiff did not present any evidence of subordinate bias. <u>See</u> Recommendation at 9. In the second investigation, the only conceivable evidence suggested by Plaintiff is that Hampton states she never spoke to Teeters. However, at the hearing, Defendant's counsel stated without objection that Hampton never claimed she spoke to Teeters.

-2-

In fact, it does not appear that Teeters personally interviewed any of the parties involved in the June 27, 2004 incident. He simply appointed an investigatory committee to do so and then reviewed the committee's findings. This course of action does not show a defective or biased investigation. Further, the fact that Hampton's story changed between the first and second investigations makes no material difference in the context of a defective investigation. The Department made its decision to terminate Plaintiff and retain Hylton based on the best information available to it at the time. Facts learned at a later time may show, in some instances, that the orginal decision was wrong, but they clearly cannot show the presence of gender bias in the earlier decision-making process. Thus, this is not new evidence to support new discovery.

Next, Plaintiff has not shown that the second investigation disclosed new, relevant comparison evidence. At summary judgment, Plaintiff presented comparison evidence, including the evidence that Hylton had inadvertently struck firefighter Hampton on the jaw. In the March 29, 2007 Recommendation, the Court determined that the information in front of the decision-maker did not disclose a basis for finding the decision to be gender bias, nor, looking at evidence of comparative situations, could it be said that the punishment Plaintiff received was more harsh than males had received for similar conduct.

Plaintiff has not adequately explained how the information gathered in the second decision would have any bearing on that

-3-

issue.  It may be that Hampton now says she was unintentionally hit with a fist rather than grazed by "the top part of Hylton's hand." (Teeters Aff. ¶ 5.)  In any event, the evidence as to the Hicks, Hylton, Hampton confrontation remains in doubt, and the second investigation does not change that.

Plaintiff also claims there is general evidence of discriminatory practices.  The Court was informed that the second decision, like the first, involved interviews of firefighters.  Plaintiff claims that some of them speculated that there was discrimination in the decisions of the department.  However, rank employee speculation concerning discrimination is "close to irrelevant."  Compare Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 235 (4th Cir. 1991); see also Chappell v. GTE Products Corp., 803 F.2d 261, 268 (6th Cir. 1986)("Mere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination."). To the extent Plaintiff points to Hampton's interview, Defendant produced interview pages 21-23 where she stated that a person's chances at the fire department only depended on how much effort a person puts in.

For the above reasons, the Court finds that the second investigation, which only looked into the conduct of the male firefighters, does not contain relevant evidence.  Thus, the motion to compel will be denied.

-4-

**IT IS THEREFORE ORDERED** that Defendant's motion to compel (docket no. 49) is denied, and to the extent it requests further time to submit evidence in support of its summary judgment motion, the same is denied.

/s/ Russell A. Eliason
**United States Magistrate Judge**

June 22, 2007